Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 50402 | **DATE** | 3/15/2002 |
| **CASE TITLE** | Battelle Memorial Institute vs. Dominic Cataldo, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated on the reverse Memorandum Opinion and Order, the Cataldos' motion to reconsider is granted, and the court orders the following briefing schedule on the motion to dismiss under Rules 12(b)(1), (b)(2), and (b)(6): Battelle is given until April 5, 2002 to file its response brief, and the Cataldos are given until April 15 to file their reply.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| X | Notices mailed by judge's staff. | | MAR 18 2002 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 3-18-02 | |
| /SEC | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# MEMORANDUM OPINION AND ORDER

Plaintiff, Battelle Memorial Institute ("Battelle"), originally filed its complaint in the Northern District of Illinois, Eastern Division, against defendants, Dominic and Evelyn Cataldo. Battelle has asserted a claim against defendants as the administrator of an Employee Welfare Benefit Plan ("Plan") under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 et seq. In response, the Cataldos filed a motion to dismiss for lack of subject matter jurisdiction, lack of personal jurisdiction, and failure to state a claim, pursuant to Federal Rules of Civil Procedure 12(b)(1), (2), and (6), respectively, or, alternatively, a motion to transfer venue to the Western Division, pursuant to 28 U.S.C. § 1404(a). The Cataldos maintained, inter alia, that venue was improper in the Eastern Division because the Plan's manager, Benesight, Inc., is located in Rockford, Illinois. (Case No. 01 CV 4012, Mot. to Dismiss, p. 4).

While the case was still pending in the Eastern Division, a minute order was entered by District Judge Rebecca R. Pallmeyer on October 29, 2001 setting forth that a status hearing had been held on October 25, and further stating: "motion to dismiss for lack of jurisdiction denied, but the court transfers [sic] venue of this matter to this court's Western Division in Rockford, Illinois." (Case No. 01 CV 4012, Doc. No. 4). Pending before this court is the Cataldos' motion to reconsider, filed pursuant to Federal Rule of Civil Procedure 60(a), seeking reconsideration of Judge Pallmeyer's order on the basis of clerical error. They assert that the order does not capture the court's intention, and ask this court to rehear their motion to dismiss.

Battelle asserts that Judge Pallmeyer's order reflects a "proper and well-grounded ruling disposing of [d]efendants' jurisdiction [sic] arguments," (Pl. Resp., p. 4), and also argues that nothing in the record demonstrates the ruling contained in the October 25 minute order was not the ruling intended by Judge Pallmeyer. (Id., p. 5.) This court, however, interprets the order as merely transferring venue without a definitive ruling on the merits of the Cataldos' motion to dismiss. Battelle's counsel himself states that in a November 16 telephone conference, Judge Pallmeyer had little recollection as to the basis of the ruling stated in the order. (Pl. Exh., Bannon Aff. ¶ 5). Battelle states that Judge Pallmeyer advised defense counsel that "any further motions should be directed to the judge in the Western Division, who could find that the motion had been decided, reconsider the ruling or send it back to Judge Pallmeyer with questions." (Id. ¶ 6) Finally, this court seriously doubts whether Judge Pallmeyer would deny the motion to dismiss on jurisdictional grounds without the benefit of having the issues fully briefed by the parties, especially when the problem of improper venue was so obvious on the face of the complaint.

As the Seventh Circuit has noted, Rule 60(a) is not limited to clerical mistakes; it also covers errors in judgments or orders arising from oversight or omission. Klingman v. Levinson, 877 F.2d 1357, 1361 (7th Cir. 1996); Fed. R. Civ. P. 60(a). The critical inquiry is whether the judgment reflects the actual intention of the court – whether the judge said what the judge actually meant. Klingman, 877 F.2d at 1360-61; United States v. Ziola, No. 79 CV 4923, 2001 WL 292886, at *3 (N.D. Ill. Mar. 23, 2001). Accordingly, this court finds that the October 25 minute order does not reflect an intent to deny the Cataldos' motion to dismiss on the merits, but rather as granting the Cataldos' requested alternative relief: a motion to transfer venue of the case to the Western Division, with this court to rule on the merits of the motion to dismiss. See 28 U.S.C. § 1404(a).

For the reasons stated above, the Cataldos' motion to reconsider is granted, and the court orders the following briefing schedule on the motion to dismiss under Rules 12(b)(1), (b)(2), and (b)(6): Battelle is given until April 5, 2002 to file its response brief, and the Cataldos are given until April 15 to file their reply.